ACCEPTED
01-14-00825-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/16/2015 11:56:30 PM
CHRISTOPHER PRINE
CLERK

01-14-00825-CV

_____

IN THE
COURT OF APPEALS FOR THE
FIRST JUDICIAL DISTRICT OF TEXAS
AT HOUSTON, TEXAS

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/16/2015 11:56:30 PM
CHRISTOPHER A. PRINE
Clerk

**RAJINDER SINGH AND RITA KAUR, RAJIV CHHABRA AND GAURI CHHABRA,**

**APPELLANTS**

**VS.**

**SLAWOMIR J. SKIBICKI AND A & SKIPOL, INC., A TEXAS CORPORATION,**

**APPELLEES**

Appealed from the 11TH DISTRICT COURT of
Harris County, Texas
Trial Court Cause No. 2013-76488

_____

APPELLANTS RAJIV CHHABRA AND GAURI
CHHABRA'S MOTION TO EXTEND TIME FOR FILING
APPELLANT'S BRIEF

_____

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW the Appellants, Rajiv Chhabra and Gauri Chhabra and files this, their Motion to Extend Time for Filing Appellant's Brief. This motion is based on two issues. First, the Appellants' Brief could not be due before the clerk's record is filed. Due to the consolation of these appeals, it appears the deadline for Appellants' was inadvertently calculated by the clerk based on the date an earlier Appellants' clerk's record was filed. Second, in the interest of judicial economy, Appellants respectfully request the deadline for the Appellants' brief be set for after mediation.

## I.     THE CLERK'S RECORD APPELLANTS REQUESTED HAS NOT BEEN FILED.

1.     Normally, Appellants' brief would be due 30 days after the later of either the date the clerk's record was filed or the date the reporter's record was filed. *See* TEX. R. APP. P. 38.6. The clerk's record requested by Appellants has not yet been filed, and the consolidation of multiple appeals with different timelines appears to have caused confusion as to the deadline on which Appellants' brief is due.

2.     Within 30 days of the judgment in the underlying case, Sharif Choudhury, Tahera Chowdhury and Enterprise Houston, Inc. filed their notice of appeal. *See* Exhibit A. These appellants dismissed their appeal, as indicated by the record. *See* Exhibit B. Appellants Rajiv Chhabra and Gauri Chhabra filed a motion for new trial, and did not file their notice of appeal until November 24, 2015. *See* Exhibit C.

3.     In accordance with the instructions contained in Exhibit C, the letter from the clerk of the Court of Appeals First District, Appellants requested the clerk's and reporter's record. *See* Exhibit D. Appellants designation of items to be included in the clerk's record differed from the request of the initial appellants and the clerk responsible for preparing the record confirmed a separate request had to be made for each group of appellants.

4.     While the First Court of Appeals letter does state the clerk's record *is* due on or before November 11, 2014, this was thought to be a clear typo, considering the letter is dated November 25, 2014. *See* Exhibit C.

5.     Appellants filed their docketing statement on December 11, 2014 and called the clerk responsible for preparing the clerk's record to confirm payment arrangements. *See* Exhibit E. At this time, the clerk stated he did not have the amount of the charges because the record was not due until January.

6. Clearly, due to the consolidation of these appeals some confusion has occurred. Appellants cannot file their brief before the clerk's record is filed. As of the date of this request, it does not appear that the clerk's record requested by Appellants has been filed. Accordingly, Appellants cannot understand how their brief could be past due. Appellants were operating with the understanding that their brief would be due after the clerk's record, which they requested, was filed. If this is incorrect, Appellants respectfully request the Court extend the time for filing their brief based on the foregoing explanation of their confusion. There does not appear to be any prejudice to Appellees in making this ruling and it would clarify future deadlines in this case. If there was an clerical error by the clerk in calculating the day that Appellants brief is due, Appellants respectfully request this be corrected so all parties may have a clear understanding of the timeline going forward.

## II. A BRIEFING DEADLINE SET FOR A REASONABLE TIME AFTER MEDIATION WOULD CONSERVE JUDICIAL RESOURCES AND ELIMINATE POTENTIALLY UNNECESSARY FILINGS.

7. In light of the order for mediation, Appellants further request the deadline for their brief be set for a reasonable time after the parties have an opportunity to mediate. This will conserve judicial resources and eliminate the need for unnecessary filings until after the parties have had an attempt to resolve this matter. There was no mediation in this case at the trial level, which additionally suggests it would be proper to do now, prior to any potentially unnecessary briefs.

WHEREFORE PREMISES CONSIDERED, Appellants, Rajiv Chhabra and Gauri Chhabra, pray that this Court extend the time in which to file their Brief, correct the clerical error or clarify the deadline for their brief, and set the deadline for a reasonable time after the parties have had an opportunity to mediate.

By: /s/ William Chu
William Chu
Texas State Bar No. 04241000
The Law Offices of William Chu
4455 LBJ Freeway, Suite 909
Dallas, Texas 75244
Tel: (972) 392-9888
Fax: (972) 392-9889
Email: wmchulaw@aol.com
Attorneys for Rajiv Chhabra and Gauri Chhabra

## CERTIFICATE OF CONFERENCE

The undersigned has conferred with Jeremy Roberts, counsel for Appellees who states that he is opposed.

/s/ David Paulson
David Paulson

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument has been served upon all parties to this appeal, by eservice.

/s/ David Paulson
David Paulson

# Exhibit A

SHERRY RADACK
  CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
JIM SHARP
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
  JUSTICES



# Court of Appeals
# First District
### 301 Fannin Street
### Houston, Texas 77002-2066

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
  CHIEF STAFF ATTORNEY

PHONE: 713-274-2700
FAX:     713-755-8131

www.1stcoa.courts.state.tx.us

October 9, 2014

Sarah Schechter
Modjarrad, Abusaad, Sail Law Firm
212 W Spring Valley Road
Richardson, TX 75081
* DELIVERED VIA E-MAIL *

Jeremy Roberts
Weycer, Kaplan, Pulaski & Zuber, P.C.
11 Greenwya Plaza Ste 1400
Houston, TX 77040
* DELIVERED VIA E-MAIL *

**RE:**    **Court of Appeals Number:**  01-14-00825-CV
          **Trial Court Case Number:**  2013-76488

**Style:**  Sharif Choudhury, Tahera Chowdhury and Enterprise Houston, Inc.  v. Slawomir J. Skibicki and A & Skipol, Inc., a Texas Corporation

## GENERAL INFORMATION

On **October 09, 2014**, a letter of assignment from the **11th District Court** trial-court clerk and a copy of the notice of appeal filed by **Sharif Choudhury, Tahera Chowdhury and Enterprise Houston, Inc.** in the trial court was received and docketed as Cause Number **01-14-00825-CV**.  This **Notice** contains information about some of the rules and procedures that govern prosecution of an appeal pending before the First Court of Appeals.

Texas Rule of Appellate Procedure 9.6 requires parties and counsel to communicate about a pending appeal only through the Clerk's office and they may not communicate with either the justices or their staff about a case.  It is also improper to send a document to the Court about an appeal unless a copy of it is served on all other parties to the appeal at the same time. *See* TEX. R. APP. P. 9.5(d), (e).

Effective January 1, 2014, **all attorneys in civil cases and criminal cases** must electronically file all documents (except a document submitted under seal or subject to a motion to seal) through the EfileTexas.gov electronic filing system.  A party representing themselves pro se (without an attorney) in a civil case, is encouraged to e-file documents, but is not required to do so.  Electronically filed documents must conform to TEX. R. APP. P. 9.4 and must be completed through EfileTexas.gov, http://www.efiletexas.gov. Electronically filed briefs must comply with TEX. R. APP. P. 9.4 and with the Texas Supreme Court's Redaction Guidelines found at http://www.supreme.courts.state.tx.us/ebriefs/RedactionGuidelines.pdf.

**INFORMATION ABOUT THE FILING FEE**

Unless an appellant is exempt from paying filing fees or has been declared indigent, the appellant must pay the required $195 filing fee to prosecute the appeal. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless excused) and 20.1 (listing requirements for establishing indigence).

This letter is **NOTICE** to the appellant that the required filing fee must be paid **within twenty (20) days** of the date of this notice. A party who files electronically may pay by credit card through the Tex.gov process. Or, a party may pay with cash in person at the Clerk's office, 301 Fannin, Houston, Texas 77002. A filer may also pay by (1) a money order, cashier's check, or certified check issued by a U.S. financial institution or (2) a money order issued by the United States Postal Service. A money order or a check must be made payable to "Clerk, First Court of Appeals."

There is only one $195 filing fee for each appellate case, regardless of how many appellants there may be, or if multiple notices of appeal are filed. Multiple appellants who are not indigent or exempt must determine amongst themselves how the filing fee will be paid.

**INFORMATION ABOUT THE APPELLATE RECORD**

This letter is **NOTICE** to the appellant that the Court may dismiss an appeal for want of prosecution, if the clerk's record is not filed and it is appellant's fault. See TEX. R. APP. P. 37.3(b); 42.3. This letter is also **NOTICE** to the appellant that if it is appellant's fault that the reporter's record is not filed, the Court may decide the appeal on those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c). Any motion related to informalities in the manner of bringing this appeal must be filed within thirty (30) days after the appellate record is filed. TEX. R. APP. P. 10.5(a).

Unless an appellant has established indigence under Texas Rule of Appellate Procedure 20.1, the trial-court clerk and court reporter are not required to file the clerk's and reporter's records until appellant has paid the required fees to prepare and certify the records, or has made satisfactory arrangements to pay the fees. *See* TEX. R. APP. P. 35.3(a)(2), (b)(3).

From information currently available, it appears that the trial court signed the final judgment or other appealable order on June 11, 2014. Because the notice of appeal indicates that a post-judgment motion was <u>not</u> filed, unless the Court receives information to the contrary, the trial court clerk is due to file the clerk's record and the court reporter is due to file the reporter's record on or before **November 11, 2014**.

The appellant and/or appellee should inform the Court as soon as possible if (1) this appeal is accelerated or (2) if there is disagreement about (a) the date the trial court signed the final judgment or appealable order or (b) whether a post-judgment motion or request for findings of fact and conclusions of law was timely filed in the trial court.

It is **mandatory** that both the clerk's record and the reporter's record be filed electronically. Both the trial-court clerk and the court reporter are asked to complete the information sheet on the "Forms" page of the Court's website, http://www.1stcoa.courts.state.tx.us/forms/forms.asp#info, and file it with the Court within ten (10) days of the date of this Notice. The parties do not need to file a motion to extend time to file either the clerk's record or the reporter's record. *See* Texas Rules of Appellate Procedure 34.5(b)(1), (c)(2), 35.3(c), and 35.6(b)(1) and Appendix C of the Texas Rules of Appellate Procedure for electronic filing related to preparation of the appellate record.

Parties are encouraged to work together and with the trial court clerk and court reporter to properly designate all necessary items and portions of the testimony to be included in the initial records. The Court generally will not grant a motion to extend time to file a brief because a party requests to supplement the record with an item or portion of the testimony that the party did not timely designate for inclusion in the initial clerk's record or reporter's record. *See* TEX. R. APP. P. 10.5(b), 34.5(c)(1), 34.6(d), 38.6(d).

## INFORMATION ABOUT FILING DOCUMENTS

Texas Rule of Appellate Procedure 9.3 controls the number of paper copies and documents filed in paper form. All documents must include a certificate of service. *See* Tex. R. App. P. 9.5(d), (e). All civil motions must include a certificate of conference, TEX. R. APP. P. 10.1(a)(5), and require a $10 filing fee, unless the movant has established indigence or is exempt from the advance payment of filing fees, e.g., the State or a political subdivision of the State. *See* TEX. R. APP. P. 5; FEES CIV. CASES B (3); Op. Tex Att'y Gen. No. DM-459 (1997). The Court treats a civil motion requesting multiple types of relief as separate motions and requires a separate $10 filing fee for each motion.

## INFORMATION ABOUT THE DOCKETING STATEMENT

An appellant is required to file a docketing statement. *See* TEX. R. APP. P. 42.3. Until the clerk's record is filed, the docketing statement is the primary source of accurate information about a newly-filed appeal. The information is used to establish appellate deadlines and to send notices to the correct parties at the correct addresses. The "Forms" section of the Court's website includes a docketing statement or the appellant may call the Clerk's office and ask that one be mailed. In this case, the Docketing Statement should be filed **within twenty (20) days** of the date of this notice.

**Section X** must be completed if an appellant believes that his/her civil appellate matter may qualify for the Pro Bono Program sponsored and administered solely by the State Bar of Texas (SBOT) and the Houston Bar Association's Appellate Practice Section (HBA). See the following websites for information: (1) State Bar of Texas Pro Bono Program, First Court of Appeals, http://tex-app.org/probono.php; (2) the Houston Bar Association's website; and (3) http://www.1stcoa.courts.state.tx.us, General Information, Practice Before the Court, Forms, Civil Docketing Statement.

3

**Section XI** of the docketing statement is an optional section that requests information related to potential participation in an alternate dispute resolution process or mediation. The Court strongly encourages the parties to provide this information due to the successful history of alternative dispute resolution/mediation processes, even in cases where such success initially appeared unlikely.

## INFORMATION ABOUT BRIEFS

Effective January 1, 2014, **all attorneys in civil cases and criminal cases** must electronically file all documents (except a document submitted under seal or subject to a motion to seal) through the EfileTexas.gov electronic filing system. A party representing themselves pro se (without an attorney) in a civil case, is encouraged to e-file documents, but is not required to do so. Electronically filed documents must conform to TEX. R. APP. P. 9.4 and must be completed through EfileTexas.gov, http://www.efiletexas.gov. Electronically filed briefs must comply with TEX. R. APP. P. 9.4 and with the Texas Supreme Court's Redaction Guidelines found at http://www.supreme.courts.state.tx.us/ebriefs/RedactionGuidelines.pdf.

## INFORMATION ABOUT ATTORNEYS APPEARING BEFORE THE COURT

Texas Rule of Appellate Procedure 6 governs matters related to an attorney's representation of a party before the Court. Attorneys must promptly notify the Clerk's office of any change of address or change in designation of the lead counsel for a party. A nonresident attorney who is not a member of the State Bar of Texas must satisfy the requirements for participation in a Texas legal matter found on the Board of Law Examiners' website http://www.ble.state.tx.us.

## INFORMATION ABOUT NOTICES TO PARTIES

Notice must be sent to all parties of any judgment, mandate, or order issued. *See* Tex. R. App. P. 12.6. If a party is represented by an attorney, notice will be sent to the party's lead counsel. *See* TEX. R. APP. P. 9.5(b). Information available to the public about a case may be found on the "Case Information" page of the Court's website. Parties may sign up for e-mail notices about activity in their case on the "CaseMail" page of the website.

## STANDARDS OF APPELLATE CONDUCT

The Court follows the Standards of Appellate Conduct adopted by the Supreme Court of Texas and the Court of Criminal Appeals. All attorneys and parties—including pro se litigants— are expected to fully comply with these standards, as well as all applicable provisions of the Texas Rules of Appellate Procedure, the Texas Disciplinary Rules of Professional Conduct, and the Code of Judicial Conduct. See the "Court Rules" page, "Other Rules Governing Attorneys" of the Texas Supreme Court's website, http://www.supreme.courts.state.tx.us, or call and ask that a copy be mailed to you.

Should you have questions at any time throughout the appellate process of your case, please do not hesitate to call the Clerk's office at 713-274-2700.

Sincerely,

Christopher A. Prine, Clerk of the Court


cc:    The Honorable Chris Daniel (DELIVERED VIA E-MAIL)
Court Reporter 11th District Court (DELIVERED VIA E-MAIL)
Hon. Olen Underwood (DELIVERED VIA E-MAIL)
Judge 11th District Court (DELIVERED VIA E-MAIL)

# Exhibit B

**Order issued December 11, 2014**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-14-00825-CV

—————————————

**SHARIF CHOUDHURY, TAHERA CHOWDHURY, AND ENTERPRISE HOUSTON, INC., RAJINDER SINGH, RITA KAUR, RAJIV CHHABRA, AND GAURI CHHABRA, Appellants**

**V.**

**SLAWOMIR J. SKIBICKI AND A & SKIPOL, INC., Appellees**

---

**On Appeal from the 11th Judicial District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-76488**

---

## MEMORANDUM ORDER

Appellants, Sharif Choudhury, Tahera Chowdhury, and Enterprise Houston, Inc., have filed a motion to voluntarily dismiss their appeal and request that all costs be assessed against the party incurring the same. Appellants state that

appellees have been contacted and do not oppose this motion and that this dismissal will not prevent any other parties from seeking relief to which they would otherwise be entitled. *See* TEX. R. APP. P. 10.3(a)(2), 42.1(a)(1). Although other parties have filed their own notices of appeal, no opinion has issued involving the above appellants. *See* TEX. R. APP. P. 42.1(a)(1), (c).

Accordingly, we grant the motion and dismiss the appeal by Sharif Choudhury, Tahera Chowdhury, and Enterprise Houston, Inc., with costs to be taxed against the party who incurred the same. *See* TEX. R. APP. P. 42.1(a)(1), (b), (d), 43.2(f). We dismiss any pending motions by the above appellants as moot. The appeal by the remaining appellants remains on this Court's active docket.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Brown.

2

# Exhibit C

SHERRY RADACK
CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
JIM SHARP
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
JUSTICES

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700
FAX:    713-755-8131

www.txcourts.gov/1stcoa.aspx



# Court of Appeals
# First District

## 301 Fannin Street
## Houston, Texas 77002-2066

November 25, 2014

Sarah Schechter
Modjarrad, Abusaad, Sail Law Firm
212 W Spring Valley Road
Richardson, TX 75081
* DELIVERED VIA E-MAIL *

William Chu
Law office of William Chu
4455 LBJ Fwy Ste 909
Dallas, TX 75244
* DELIVERED VIA E-MAIL *

Daniel Chung Yuan  Lee
C. Y. Lee Legal Group, PLLC
1305 Prairie St Ste 300
Pasadena, TX 77002
* DELIVERED VIA E-MAIL *

Jeremy Roberts
Weycer, Kaplan, Pulaski & Zuber, P.C.
11 Greenwya Plaza Ste 1400
Houston, TX 77040
* DELIVERED VIA E-MAIL *

**RE:**    **Court of Appeals Number:** 01-14-00825-CV
        **Trial Court Case Number:** 2013-76488

**Style:** Sharif Choudhury, Tahera Chowdhury and Enterprise Houston, Inc., Rajinder Singh and
        Rita Kaur, Rajiv Chhabra and Gauri Chhabra  v. Slawomir J. Skibicki and A & Skipol,
        Inc., a Texas Corporation

## GENERAL INFORMATION

On **November 24, 2014**, a letter of assignment from the **11th District Court** trial-court clerk and a copy of the notice of appeal filed by **Rajiv Chhabra and Gauri Chhabra** in the trial court was received and docketed as Cause Number **01-14-00825-CV**.  This **Notice** contains information about some of the rules and procedures that govern prosecution of an appeal pending before the First Court of Appeals.

Texas Rule of Appellate Procedure 9.6 requires parties and counsel to communicate about a pending appeal only through the Clerk's office and they may not communicate with either the justices or their staff about a case.  It is also improper to send a document to the Court about an appeal unless a copy of it is served on all other parties to the appeal at the same time. *See* TEX. R. APP. P. 9.5(d), (e).

Effective January 1, 2014, **all attorneys in civil cases and criminal cases** must electronically file all documents (except a document submitted under seal or subject to a motion to seal) through the EfileTexas.gov electronic filing system.  A party representing themselves pro se (without an attorney) in a civil case, is encouraged to e-file documents, but is not required to

do so.  Electronically filed documents must conform to TEX. R. APP. P. 9.4 and must be completed through EfileTexas.gov, http://www.efiletexas.gov. Electronically filed briefs must comply with TEX. R. APP. P. 9.4 and with the Texas Supreme Court's Redaction Guidelines found at http://www.supreme.courts.state.tx.us/ebriefs/RedactionGuidelines.pdf.

### INFORMATION ABOUT THE APPELLATE RECORD

This letter is **NOTICE** to the appellant that the Court may dismiss an appeal for want of prosecution, if the clerk's record is not filed and it is appellant's fault.  See TEX. R. APP. P. 37.3(b); 42.3.  This letter is also **NOTICE** to the appellant that if it is appellant's fault that the reporter's record is not filed, the Court may decide the appeal on those issues or points that do not require a reporter's record for a decision.  *See* TEX. R. APP. P. 37.3(c).  Any motion related to informalities in the manner of bringing this appeal must be filed within thirty (30) days after the appellate record is filed.  TEX. R. APP. P. 10.5(a).

Unless an appellant has established indigence under Texas Rule of Appellate Procedure 20.1, the trial-court clerk and court reporter are not required to file the clerk's and reporter's records until appellant has paid the required fees to prepare and certify the records, or has made satisfactory arrangements to pay the fees.  *See* TEX. R. APP. P. 35.3(a)(2), (b)(3).

From information currently available, it appears that the trial court signed the final judgment or other appealable order on September 12, 2014.  Because the notice of appeal indicates that a post-judgment motion was filed, unless the Court receives information to the contrary, the trial court clerk is due to file the clerk's record and the court reporter is due to file the reporter's record on or before **November 11, 2014**.

The appellant and/or appellee should inform the Court as soon as possible if (1) this appeal is accelerated or (2) if there is disagreement about (a) the date the trial court signed the final judgment or appealable order or (b) whether a post-judgment motion or request for findings of fact and conclusions of law was timely filed in the trial court.

It is **mandatory** that both the clerk's record and the reporter's record be filed electronically.  Both the trial-court clerk and the court reporter are asked to complete the information sheet on the "Forms" page of the Court's website, http://www.txcourts.gov/1stcoa/practice-before-the-court/forms.aspx, and file it with the Court within ten (10) days of the date of this Notice.  The parties do not need to file a motion to extend time to file either the clerk's record or the reporter's record.  *See* Texas Rules of Appellate Procedure 34.5(b)(1), (c)(2), 35.3(c), and 35.6(b)(1) and Appendix C of the Texas Rules of Appellate Procedure for electronic filing related to preparation of the appellate record.

Parties are encouraged to work together and with the trial court clerk and court reporter to properly designate all necessary items and portions of the testimony to be included in the initial records. The Court generally will not grant a motion to extend time to file a brief because a party requests to supplement the record with an item or portion of the testimony that the party did not

2

timely designate for inclusion in the initial clerk's record or reporter's record. *See* TEX. R. APP. P. 10.5(b), 34.5(c)(1), 34.6(d), 38.6(d).

## INFORMATION ABOUT FILING DOCUMENTS

Texas Rule of Appellate Procedure 9.3 controls the number of paper copies and documents filed in paper form. All documents must include a certificate of service. *See* Tex. R. App. P. 9.5(d), (e). All civil motions must include a certificate of conference, TEX. R. APP. P. 10.1(a)(5), and require a $10 filing fee, unless the movant has established indigence or is exempt from the advance payment of filing fees, e.g., the State or a political subdivision of the State. *See* TEX. R. APP. P. 5; FEES CIV. CASES B (3); Op. Tex Att'y Gen. No. DM-459 (1997). The Court treats a civil motion requesting multiple types of relief as separate motions and requires a separate $10 filing fee for each motion.

## INFORMATION ABOUT BRIEFS

Effective January 1, 2014, **all attorneys in civil cases and criminal cases** must electronically file all documents (except a document submitted under seal or subject to a motion to seal) through the EfileTexas.gov electronic filing system. A party representing themselves pro se (without an attorney) in a civil case, is encouraged to e-file documents, but is not required to do so. Electronically filed documents must conform to TEX. R. APP. P. 9.4 and must be completed through EfileTexas.gov, http://www.efiletexas.gov. Electronically filed briefs must comply with TEX. R. APP. P. 9.4 and with the Texas Supreme Court's Redaction Guidelines found at http://www.txcourts.gov/media/124902/redactionguidelines.pdf.

## INFORMATION ABOUT ATTORNEYS APPEARING BEFORE THE COURT

Texas Rule of Appellate Procedure 6 governs matters related to an attorney's representation of a party before the Court. Attorneys must promptly notify the Clerk's office of any change of address or change in designation of the lead counsel for a party. A nonresident attorney who is not a member of the State Bar of Texas must satisfy the requirements for participation in a Texas legal matter found on the Board of Law Examiners' website http://www.ble.state.tx.us.

## INFORMATION ABOUT NOTICES TO PARTIES

Notice must be sent to all parties of any judgment, mandate, or order issued. *See* Tex. R. App. P. 12.6. If a party is represented by an attorney, notice will be sent to the party's lead counsel. *See* TEX. R. APP. P. 9.5(b). Information available to the public about a case may be found on the "Case Information" page of the Court's website. Parties may sign up for e-mail notices about activity in their case on the "CaseMail" page of the website.

**STANDARDS OF APPELLATE CONDUCT**

The Court follows the Standards of Appellate Conduct adopted by the Supreme Court of Texas and the Court of Criminal Appeals. All attorneys and parties—including pro se litigants—are expected to fully comply with these standards, as well as all applicable provisions of the Texas Rules of Appellate Procedure, the Texas Disciplinary Rules of Professional Conduct, and the Code of Judicial Conduct. See the "Court Rules" page, "Other Rules Governing Attorneys" of the Texas Supreme Court's website, http://www.txcourts.gov/supreme.aspx, or call and ask that a copy be mailed to you.

Should you have questions at any time throughout the appellate process of your case, please do not hesitate to call the Clerk's office at 713-274-2700.

Sincerely,

Christopher A. Prine, Clerk of the Court

# Exhibit D



# LAW OFFICES OF WILLIAM CHU
## ATTORNEYS & COUNSELORS AT LAW

**4455 LYNDON B. JOHNSON FREEWAY, SUITE 909**
**DALLAS, TEXAS 75244**

**TEL: 972 392 9888 | FAX: 972 392 9889**
**WMCHULAW@AOL.COM**

December 5, 2014

**Request for Preparation of Complete Reporter's Record**

Terri Anderson
Court Reporter—11th District Court
Harris County Civil Courthouse
201 Caroline, 9th Floor
Houston, TX 77002

Re:     Slawomir J. Skibicki, et al v. Indopol Houston, L.L.C., et al.
        Cause No. 2013-76488

Dear Ms. Anderson:

Defendants Rajiv Chhabra and Gauri Chhabra respectfully request that the Reporter's Record be prepared in the above-referenced proceeding, and that a true copy of same be forwarded to the First District Court of Appeals at Houston, Texas.

Defendants Rajiv Chhabra and Gauri Chhabra confirm by this letter that, in accordance with Texas Rule of Appellate Procedure 35.3(b), Defendants Rajiv Chhabra and Gauri Chhabra will pay for preparation of the reporter's record on receipt of an invoice stating the amount of the payment that is due.

Defendants hereby request that the Reporter's Record consist of the complete stenographic recording of the hearings in the above-styled case, held on August 11, 2014, September 8, 2014, and November 10, 2014, including all exhibits admitted or made part of the record by offers of proof made at any of these hearings.

Should you have any questions, please do not hesitate to contact our office.

Sincerely,

/s/William Chu

William Chu

Unofficial Copy Office of Chris Daniel District Clerk

## Certificate of Service

I certify that on December 5, 2014, a copy of the foregoing instrument has been served upon all parties or counsel for all parties in accordance with TRCP 21a.

/s/David Paulson
David Paulson

Unofficial Copy Office of Chris Daniel District Clerk



# LAW OFFICES OF WILLIAM CHU
## ATTORNEYS & COUNSELORS AT LAW

**4455 LYNDON B. JOHNSON FREEWAY, SUITE 909**
**DALLAS, TEXAS 75244**

**TEL: 972 392 9888 | FAX: 972 392 9889**
**WMCHULAW@AOL.COM**

December 5, 2014

**Request for Preparation of Complete Reporter's Record**

Terri Anderson
Court Reporter—11th District Court
Harris County Civil Courthouse
201 Caroline, 9th Floor
Houston, TX 77002

      Re:    Slawomir J. Skibicki, et al v. Indopol Houston, L.L.C., et al.
             Cause No. 2013-76488

Dear Ms. Anderson:

Defendants Rajiv Chhabra and Gauri Chhabra respectfully request that the Reporter's Record be prepared in the above-referenced proceeding, and that a true copy of same be forwarded to the First District Court of Appeals at Houston, Texas.

Defendants Rajiv Chhabra and Gauri Chhabra confirm by this letter that, in accordance with Texas Rule of Appellate Procedure 35.3(b), Defendants Rajiv Chhabra and Gauri Chhabra will pay for preparation of the reporter's record on receipt of an invoice stating the amount of the payment that is due.

Defendants hereby request that the Reporter's Record consist of the complete stenographic recording of the hearings in the above-styled case, held on August 11, 2014, September 8, 2014, and November 10, 2014, including all exhibits admitted or made part of the record by offers of proof made at any of these hearings.

Should you have any questions, please do not hesitate to contact our office.

                    Sincerely,

                    /s/William Chu

                    William Chu

Unofficial Copy Office of Chris Daniel District Clerk

## Certificate of Service

       I certify that on December 5, 2014, a copy of the foregoing instrument has been served upon all parties or counsel for all parties in accordance with TRCP 21a.

/s/David Paulson
David Paulson

Unofficial Copy Office of Chris Daniel District Clerk

# Exhibit E

ACCEPTED
01-14-00825-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/19/2014 7:10:09 PM
CHRISTOPHER PRINE
CLERK

| | |
|---|---|
| Appellate Docket Number: | 01-14-00825-CV |
| Appellate Case Style: | Sharif Choudhury, et al. |
| Vs. | Slawomir J. Skibicki, et al. |
| Companion Case No.: | |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/19/2014 7:10:09 PM

CHRISTOPHER A. PRINE
Clerk

Amended/corrected statement:

## DOCKETING STATEMENT (Civil)

Appellate Court: 1st Court of Appeals

(to be filed in the court of appeals upon perfection of appeal under TRAP 32)

### I. Appellant

☒ Person  ☐ Organization  (choose one)

First Name: Rajiv

Middle Name:

Last Name: Chhabra

Suffix:

Pro Se: ◯

### II. Appellant Attorney(s)

☒ Lead Attorney

First Name: William

Middle Name:

Last Name: Chu

Suffix:

Law Firm Name: Law Offices of William Chu

Address 1: 4455 LBJ Frwy, Suite 909

Address 2:

City: Dallas

State: Texas  Zip+4: 75244

Telephone: 972-392-9888  ext.

Fax: 972-392-9889

Email: wmchulaw@aol.com

SBN: 04241000

### I. Appellant

☒ Person  ☐ Organization  (choose one)

First Name: Gauri

Middle Name:

Last Name: Chhabra

Suffix:

Pro Se: ◯

### II. Appellant Attorney(s)

☒ Lead Attorney

First Name: William

Middle Name:

Last Name: Chu

Suffix:

Law Firm Name: Law Offices of William Chu

Address 1: 4455 LBJ Frwy, Suite 909

Address 2:

| | City: | Dallas |
|---|---|---|
| | State: Texas | Zip+4: 75244 |
| | Telephone: 972-392-9888 | ext. |
| | Fax: 972-392-9889 | |
| | Email: wmchulaw@aol.com | |
| | SBN: 04241000 | |

| III. Appellee | IV. Appellee Attorney(s) |
|---|---|

☒ Person ☐ Organization (choose one) | ☒ Lead Attorney

First Name: Slawomir

Middle Name:

Last Name: Skibicki

Suffix:

Pro Se: ◯

First Name: Jeremy

Middle Name:

Last Name: Roberts

Suffix:

Law Firm Name: Weycer, Kaplan, Pulaski & Zuber, P.C.

Address 1: 11 Greenway Plaza, Ste 1400

Address 2:

City: Houston

State: Texas Zip+4: 77040

Telephone: (713) 961-9045 ext.

Fax: (713) 961-5341

Email: jroberts@wkpz.com

SBN: 24083742

| III. Appellee | IV. Appellee Attorney(s) |
|---|---|

☐ Person ☒ Organization (choose one) | ☒ Lead Attorney

Organization Name: A & Skipol, Inc.

First Name:

Middle Name:

Last Name:

Suffix:

Pro Se: ◯

First Name: Jeremy

Middle Name:

Last Name: Roberts

Suffix:

Law Firm Name: Weycer, Kaplan, Pulaski & Zuber, P.C.

Address 1: 11 Greenway Plaza, Ste 1400

Address 2:

City: Houston

State: Texas Zip+4: 77040

Telephone: (713) 961-9045 ext.

Fax: (713) 961-5341

Email: jroberts@wkpz.com

SBN: 24083742

## V. Perfection Of Appeal And Jurisdiction

Nature of Case (Subject matter or type of case): Contract

Date order or judgment signed: September 12, 2014          Type of judgment: Summary Judgment

Date notice of appeal filed in trial court: November 24, 2014

If mailed to the trial court clerk, also give the date mailed:

Interlocutory appeal of appealable order: ☐ Yes ☒ No

If yes, please specify statutory or other basis on which interlocutory order is appealable (See TRAP 28):

Accelerated appeal (See TRAP 28): ☐ Yes ☒ No

If yes, please specify statutory or other basis on which appeal is accelerated:

Parental Termination or Child Protection? (See TRAP 28.4): ☐ Yes ☒ No

Permissive? (See TRAP 28.3): ☐ Yes ☒ No

If yes, please specify statutory or other basis for such status:

Agreed? (See TRAP 28.2): ☐ Yes ☒ No

If yes, please specify statutory or other basis for such status:

Appeal should receive precedence, preference, or priority under statute or rule: ☐ Yes ☒ No

If yes, please specify statutory or other basis for such status:

Does this case involve an amount under $100,000? ☐ Yes ☒ No

Judgment or order disposes of all parties and issues: ☒ Yes ☐ No

Appeal from final judgment: ☒ Yes ☐ No

Does the appeal involve the constitutionality or the validity of a statute, rule, or ordinance? ☐ Yes ☒ No

## VI. Actions Extending Time To Perfect Appeal

| | | | |
|---|---|---|---|
| Motion for New Trial: | ☒ Yes ☐ No | If yes, date filed: | October 10, 2014 |
| Motion to Modify Judgment: | ☐ Yes ☒ No | If yes, date filed: | |
| Request for Findings of Fact and Conclusions of Law: | ☐ Yes ☒ No | If yes, date filed: | |
| Motion to Reinstate: | ☐ Yes ☒ No | If yes, date filed: | |
| Motion under TRCP 306a: | ☐ Yes ☒ No | If yes, date filed: | |
| Other: | ☐ Yes ☒ No | | |

If other, please specify:

## VII. Indigency Of Party: (Attach file-stamped copy of affidavit, and extension motion if filed.)

| | | | |
|---|---|---|---|
| Affidavit filed in trial court: | ☐ Yes ☒ No | If yes, date filed: | |
| Contest filed in trial court: | ☐ Yes ☐ No | If yes, date filed: | |

Date ruling on contest due:

Ruling on contest: ☐ Sustained     ☐ Overruled          Date of ruling:

## VIII. Bankruptcy

Has any party to the court's judgment filed for protection in bankruptcy which might affect this appeal?  ☐ Yes  ☒ No

If yes, please attach a copy of the petition.

Date bankruptcy filed: [          ]          Bankruptcy Case Number: [          ]

## IX. Trial Court And Record

Court:   11th District Court

County:  Harris County

**Trial Court Docket Number (Cause No.):**  2013-76488

Trial Judge (who tried or disposed of case):

First Name:   Mike

Middle Name:  D.

Last Name:    Miller

Suffix:

Address 1:    201 Caroline, 9th Floor

Address 2 :

City:         Houston

State:  Texas           Zip + 4:  77022

Telephone:   713-368-6020       ext.

Fax:

Email:

Clerk's Record:

Trial Court Clerk:   ☒ District   ☐ County

Was clerk's record requested?   ☒ Yes   ☐ No

If yes, date requested:  December 5, 2014

If no, date it will be requested: [          ]

Were payment arrangements made with clerk?

☒ Yes  ☐ No  ☐ Indigent

**(Note: No request required under TRAP 34.5(a),(b))**

Reporter's or Recorder's Record:

Is there a reporter's record?        ☐ Yes  ☒ No

Was reporter's record requested?     ☒ Yes  ☐ No

Was there a reporter's record electronically recorded?  ☐ Yes  ☒ No

If yes, date requested: December 5, 2014

If no, date it will be requested: [          ]

Were payment arrangements made with the court reporter/court recorder?  ☐ Yes  ☐ No  ☐ Indigent

☐ Court Reporter ☐ Court Recorder
☐ Official ☐ Substitute

First Name: 
Middle Name: 
Last Name: 
Suffix: 
Address 1: 
Address 2: 
City: 
State: Texas     Zip + 4: 
Telephone:     ext. 
Fax: 
Email: 

## X. Supersedeas Bond

Supersedeas bond filed: ☐ Yes ☒ No     If yes, date filed: 

Will file: ☐ Yes ☒ No

## XI. Extraordinary Relief

Will you request extraordinary relief (e.g. temporary or ancillary relief) from this Court? ☐ Yes ☒ No

If yes, briefly state the basis for your request: 

## XII. Alternative Dispute Resolution/Mediation (Complete section if filing in the 1st, 2nd, 4th, 5th, 6th, 8th, 9th, 10th, 11th, 12th, 13th, or 14th Court of Appeal)

Should this appeal be referred to mediation? ☒ Yes ☐ No

If no, please specify: 

Has the case been through an ADR procedure? ☐ Yes ☒ No

If yes, who was the mediator? 

What type of ADR procedure? 

At what stage did the case go through ADR? ☐ Pre-Trial ☐ Post-Trial ☐ Other

If other, please specify: 

Type of case? Contract

Give a brief description of the issue to be raised on appeal, the relief sought, and the applicable standard for review, if known (without prejudice to the right to raise additional issues or request additional relief):

The relief granted was not provided for by the terms of the contract; Plaintiffs did not perform under the contract; there were genuine issues of material fact that precluded Summary Judgment.

How was the case disposed of? Summary Judgment

Summary of relief granted, including amount of money judgment, and if any, damages awarded. Specific Performance: Joint and Several Money Judgment of 1,646,475.00

If money judgment, what was the amount? Actual damages: $1,646,475.00

Punitive (or similar) damages:

Attorney's fees (trial):     $19,242.00

Attorney's fees (appellate):   $2,000.00

Other:    $2,000.00

If other, please specify: $2,000.00 on Writ of Error to Supreme Court, $2,000.00 if Writ is Granted

Will you challenge this Court's jurisdiction?     ☐ Yes  ☒ No

Does judgment have language that one or more parties "take nothing"?   ☐ Yes  ☒ No

Does judgment have a Mother Hubbard clause? ☒ Yes  ☐ No

Other basis for finality?

Rate the complexity of the case (use 1 for least and 5 for most complex):   ☐ 1  ☐ 2  ☒ 3  ☐ 4  ☐ 5

Please make my answer to the preceding questions known to other parties in this case.   ☒ Yes  ☐ No

Can the parties agree on an appellate mediator?  ☐ Yes  ☒ No

If yes, please give name, address, telephone, fax and email address:

| Name | Address | Telephone | Fax | Email |
|------|---------|-----------|-----|-------|
|      |         |           |     |       |

Languages other than English in which the mediator should be proficient:

Name of person filing out mediation section of docketing statement:    David Paulson

## XIII.  Related Matters

List any pending or past related appeals before this or any other Texas appellate court by court, docket number, and style.

Docket Number:                                    Trial Court:

   Style:

     Vs.

## XIV.  Pro Bono Program: (Complete section if filing in the 1st, 3rd, 5th, or 14th Courts of Appeals)

The Courts of Appeals listed above, in conjunction with the State Bar of Texas Appellate Section Pro Bono Committee and local Bar Associations, are conducting a program to place a limited number of civil appeals with appellate counsel who will represent the appellant in the appeal before this Court.

The Pro Bono Committee is solely responsible for screening and selecting the civil cases for inclusion in the Program based upon a number of discretionary criteria, including the financial means of the appellant or appellee.  If a case is selected by the Committee, and can be matched with appellate counsel, that counsel will take over representation of the appellant or appellee without charging legal fees.  More information regarding this program can be found in the Pro Bono Program Pamphlet available in paper form at the Clerk's Office or on the Internet at www.tex-app.org.  If your case is selected and matched with a volunteer lawyer, you will receive a letter from the Pro Bono Committee within thirty (30) to forty-five (45) days after submitting this Docketing Statement.

Note: there is no guarantee that if you submit your case for possible inclusion in the Pro Bono Program, the Pro Bono Committee will select your case and that pro bono counsel can be found to represent you.  Accordingly, you should not forego seeking other counsel to represent you in this proceeding.  By signing your name below, you are authorizing the Pro Bono committee to transmit publicly available facts and information about your case, including parties and background, through selected Internet sites and Listserv to its pool of volunteer appellate attorneys.

Do you want this case to be considered for inclusion in the Pro Bono Program?   ☐ Yes ☒ No

Do you authorize the Pro Bono Committee to contact your trial counsel of record in this matter to answer questions the committee may have regarding the appeal?   ☐ Yes ☒ No

Please note that any such conversations would be maintained as confidential by the Pro Bono Committee and the information used solely for the purposes of considering the case for inclusion in the Pro Bono Program.

If you have not previously filed an affidavit of Indigency and attached a file-stamped copy of that affidavit, does your income exceed 200% of the U.S. Department of Health and Human Services Federal Poverty Guidelines?   ☐ Yes ☐ No

These guidelines can be found in the Pro Bono Program Pamphlet as well as on the  internet at http://aspe.hhs.gov/poverty/06poverty.shtml.

Are you willing to disclose your financial circumstances to the Pro Bono Committee? ☐ Yes ☐ No

If yes, please attach an Affidavit of Indigency completed and executed by the appellant or appellee.  Sample forms may be found in the Clerk's Office or on the internet at http://www.tex-app.org.  Your participation in the Pro Bono Program may be conditioned upon your execution of an affidavit under oath as to your financial circumstances.

Give a brief description of the issues to be raised on appeal, the relief sought, and the applicable standard of review, if known (without prejudice to the right to raise additional issues or request additional relief; use a separate attachment, if necessary).

## XV.  Signature

_____
Signature of counsel (or pro se party)

Date:          December 19, 2014

Printed Name: William Chu

State Bar No.:  04241000

Electronic Signature:  /s/William Chu
     (Optional)

## XVI. Certificate of Service

The undersigned counsel certifies that this docketing statement has been served on the following lead counsel for all parties to the trial court's order or judgment as follows on  December 19, 2014  .

_____
Signature of counsel (or pro se party)

Electronic Signature: /s/ David Paulson
                              (Optional)

State Bar No.: 24088201

Person Served

Certificate of Service Requirements (TRAP 9.5(e)): A certificate of service must be signed by the person who made the service and must state:

      (1) the date and manner of service;
      (2) the name and address of each person served, and
      (3) if the person served is a party's attorney, the name of the party represented by that attorney

Please enter the following for each person served:

Date Served: December 19, 2014

Manner Served: Regular Mail

First Name: Jeremy

Middle Name:

Last Name: Roberts

Suffix:

Law Firm Name: Weycer, Kaplan, Pulaski & Zuber, P.C.

Address 1: 11 Greenway Plaza, Suite 1400

Address 2:

City: Houston

State: Texas     Zip+4: 77046

Telephone:     ext.

Fax:

Email: jroberts@wkpz.com

If Attorney, Representing Party's Name: Slawomir Skibicki and A & Skipol, Inc.

Please enter the following for each person served:

Date Served: December 19, 2014

Manner Served: Regular Mail

First Name: Sarah

Middle Name:

Last Name: Schecter

Suffix:

Law Firm Name: Modjarrad, Abusaad, Said

Address 1: 212 W. Spring Valley Rd.

Address 2:

City: Richardson, TX

State Texas    Zip+4: 75081

Telephone:    ext.

Fax:

Email:

If Attorney, Representing Party's Name: Sharif Chowdhury, Tahera Chowdhury, and +

Please enter the following for each person served:

Date Served: December 19, 2014

Manner Served: Regular Mail

First Name: Darrell

Middle Name:

Last Name: Minter

Suffix:

Law Firm Name: Fox Rothschild

Address 1: Two Lincoln Centre

Address 2: 5420 LBJ Freeway, Suite 1200

City: Dallas, TX 75240

State Texas    Zip+4:

Telephone:    ext.

Fax:

Email:

If Attorney, Representing Party's Name: Amir Hussain and Naseem Hussain

Please enter the following for each person served:

Date Served: December 19, 2014

Manner Served: Regular Mail

First Name: "Daniel" Chung

Middle Name:

Last Name: Lee

Suffix:

Law Firm Name: C.Y. Lee Legal Group, PLLC

Address 1: 1305 Prairie St, Ste 300

Address 2:

City: Houston

State Texas     Zip+4: 77022

Telephone:     ext.

Fax:

Email:

If Attorney, Representing Party's Name: Rajinder Singh and Rita Kaur

Please enter the following for each person served:

---

Date Served: December 19, 2014

Manner Served: Regular Mail

First Name: Indopol Houston, LLC

Middle Name: Tahera Chowdhury, registered agent

Last Name:

Suffix:

Law Firm Name:

Address 1: 12222 Merit Drive, Suite 1870

Address 2:

City: Dallas

State Texas     Zip+4: 75251

Telephone:     ext.

Fax:

Email:

If Attorney, Representing Party's Name:

Please enter the following for each person served:

Date Served: 

Manner Served: 

First Name: 

Middle Name: 

Last Name: 

Suffix: 

Law Firm Name: 

Address 1: 

Address 2: 

City: 

State  Texas  Zip+4: 

Telephone:  ext. 

Fax: 

Email: 

If Attorney, Representing Party's Name: